UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JULIE GARLAND, et al.,<br><br>    Defendants. | Case No. 25-cv-08871-RFL (PR)<br><br>**ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Dkt. No. 2 |

      Plaintiff Gonzalez has filed a motion for a preliminary injunction ordering Defendants to hold a new parole suitability hearing. (Dkt. No. 2.) He contends that he was denied due process at his latest hearing. The hearing officer asked whether Plaintiff had "addressed his control issues," meaning whether he had stopped taking his romantic partners' money to control them. (Mot. for Preliminary Injunction, Dkt. No. 2 at 3.) Gonzalez responded that he had refused to "demand, ask, or accept" any of his fiancée's winnings from her appearance on "Wheel of Fortune." (*Id.* at 5.) Gonzalez contends that the hearing officer's refusal to listen to this evidence was a denial of his due process right to be heard. (*Id.* at 5-6.) He also alleges that the Board has been applying special conditions of parole to other prisoners, but not to him, thereby violating his equal protection rights. (*Id.* at 9-10.)

      A party seeking a preliminary injunction must meet one of two variants of the same standard. The traditional *Winter* standard requires the movant to show that (1) it "is likely to succeed on the merits;" (2) it "is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in [its] favor;" and (4) "an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). Under the "sliding scale" variant of the same standard, "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's

1

favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (emphasis in original). Thus, irrespective of the robustness of the showing on the merits required, under either standard a plaintiff must demonstrate he or she is likely to suffer irreparable injury in the absence of preliminary relief. It is the plaintiff's burden to fulfill all four elements. *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011) (noting that the plaintiff "must demonstrate that it meets all four of the elements of the preliminary injunction test" "[t]o warrant a preliminary injunction," and concluding that because the plaintiff had failed to satisfy its burden as to one element, the Ninth Circuit "need not consider the remaining three").

The motion for a preliminary injunction is DENIED because Gonzalez has not shown a serious question going to the merits as to either of his claims.

As to his due process claim, in the parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons" parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). "The Constitution does not require more." *Id.*, quoting *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Id.*

It is clear from the current record that Gonzalez received the required amount of process: he had a hearing; he was allowed an opportunity to be heard (though perhaps not on every matter he wished); and he received a statement of reasons parole was denied. The opportunity to be heard standard requires only that: allowing an opportunity to be heard. It requires providing a hearing without dictating the particular procedures that must be followed at the hearing. *Swarthout*, 562 U.S. at 220 (United States Supreme Court found no due process violation because, among other reasons, habeas petitioners "were allowed to speak at their parole hearings."). Gonzalez's claim that Defendants refused to consider his evidence regarding his fiancée's winnings from "Wheel of Fortune" does not constitute a denial of due process. Parole suitability is based on many factors, with Gonzalez's control issues being just one concern

among many. Also, the right to speak at a hearing does not mean that a parole candidate can speak about whatever he wishes for as long as he wishes. The hearing officer is entitled to control the inquiry. Therefore, Gonzalez has not shown that he is likely to succeed on merits, as required by *Winter*.

Gonzalez also has not shown a serious question going to the merits on his equal protection claim. As noted in a letter from Board of Parole Hearings, "The special conditions for parole will only be addressed upon a 'grant' of release, not a denial." (Dkt. No. 2-1 at 16.) Because, as the letter notes, Gonzalez was "found to be an unreasonable risk to public safety, unsuitable for parole, and denied for five years, the hearing panel did not address any special conditions for release." (*Id.*) Because Gonzalez was not eligible for special conditions of release, no equal protection claim lies.

The motion is also DENIED because Gonzalez has not shown that he will suffer irreparable harm or that the balance of hardships tips sharply in his favor, as required by *Winter*. Parole suitability is determined by evaluating many factors, and he has not shown that if he were given a hearing in which he was allowed to present the evidence he wishes to present, he would be entitled to relief.

The Clerk shall terminate Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: October 24, 2025

                                               RITA F. LIN
                                      United States District Judge